**Larry L. Linder, OSB #010724**
llinder@salememploymentlawyer.com
**Douglas J. Davis, OSB #140577**
ddavis@salememploymentlawyer.com
The Law Office of Larry L. Linder, LLC
2245 Commercial St NE
Salem, OR 97303
Tel: (503)585-1804
Fax: (503)585-1834
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **KELSEA LUEBBERS,** | Case No. 6:14-cv-01994- |
| Plaintiff, | COMPLAINT – VIOLATION OF ORS 659A.030 AND 42 U.S.C. 2000e (Sexual Harassment/Retaliation/Quid Pro Quo Discrimination); ASSAULT; BATTERY |
| vs. | |
| **ST. CHARLES HEALTH SYSTEM, INC.,** a Domestic Non-Profit Corporation, dba **PIONEER MEMORIAL HOSPITAL,** and **KENT TIMMONS**, an individual, | (Jury Trial Demanded) |
| Defendants. | |

Plaintiff alleges:

## <u>JURISDICTION</u>

1.

Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and brought pursuant to claims under 42 U.S.C. § 2000e.

2.

Jurisdiction is appropriate for this Court after Plaintiff co-filed a complaint with the Oregon Bureau of Labor and Industries ("BOLI") and the Equal Employment Opportunity Commission ("EEOC") on or about December, 2013, and Plaintiff received a right to sue notice

Page 1- Complaint

from the EEOC on September 11, 2014. Plaintiff requests a jury trial in this matter. All conditions precedent to the institution of this lawsuit have been fulfilled.

## VENUE

3.

Venue is appropriate in this Court under 28 U.S.C. § 1391 because Defendant St. Charles Health Systems, Inc ("St. Charles") principal place of business is in Deschutes County, Oregon.

## PARTIES

4.

Kelsea Luebbers ("Plaintiff") is a female resident of Crook County, Oregon. Defendant St. Charles is a Domestic Non-Profit Corporation doing business as Pioneer Memorial Hospital with its principal place of business in Deschutes County, Oregon. St. Charles is an "employer" as that term is defined in ORS chapter 659A.001.  Defendant Kent Timmons ("Timmons") was at all relevant times employed by St. Charles.

## SUPPLEMENTAL JURISDICTION

5.

This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Plaintiff's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

## FACTUAL ALLEGATIONS

6.

In or about 2007, Plaintiff was hired by St. Charles as an Admitting/Patient Access Representative.  Plaintiff was transferred to a Phlebotomist position with St. Charles.

///

Law Office of Larry L. Linder, LLC
2245 Commercial St. NE
Salem, OR 97303
(T)(503)585-1804 (F)(503)585-1834
info@salememploymentlawyer.com

7.

On or about April 4, 2013, Plaintiff's second level supervisor, Timmons, rubbed her in an unwanted, sexual way by rubbing her neck, shoulders, down her back to her bra line. He then continued around Plaintiff's sides following where her bra line continued. Timmons had touched Plaintiff in this manner on previous occasions. That same day Timmons brought some candy into the break room at work. Someone asked Timmons if he was trying to make the lab staff obese. Timmons looked Plaintiff up and down for a very long time with a perverted look as if he were enjoying it and said to Plaintiff "too late."

8.

On or about April 22, 2013, Plaintiff spoke to Timmons in his office about when she would do drug screen collection training for a couple employees. At one point Plaintiff said "I'm going to come in and do Stacey on Friday" and Timmons responded in a sexual way, "I didn't think you did girls," with a smirk on his face.

9.

On or about the week of May 6, 2013, Plaintiff approached Timmons in his office and told him that he was making her extremely uncomfortable with his comments and constant, unwanted, rubbing of her back. Plaintiff received no response from him other than him staring at her until she finally told him she would have to go back to the lab.

10.

On or about the week of May 13, 2013, Plaintiff went to discuss her schedule with Timmons. On a number of occasions, Plaintiff had tried to talk to him about the possibility of a schedule change. When she did, Timmons threatened to cut her hours, her pay, or he would give Plaintiff a less favorable schedule than she had previously. Plaintiff went to talk to Timmons about her schedule again and to tell him that she had tried everything to make her late night

Page 3- Complaint

Law Office of Larry L. Linder, LLC
2245 Commercial St. NE
Salem, OR 97303
(T)(503)585-1804  (F)(503)585-1834
info@salememploymentlawyer.com

schedule work, but that it was making her depression and insomnia worse. Timmons looked at Plaintiff and said, "It's all in your head, Kelsea." After this conversation, Timmons began scheduling Plaintiff until midnight, an hour later than Plaintiff had already been working.

11.

Timmons continued to touch Plaintiff inappropriately despite her opposition to his conduct.

12.

On or about May 16, 2013, while on lock down at Pioneer Memorial Hospital, Timmons called Plaintiff and staff into the lab office to talk about what was happening. While talking to the staff, Timmons began rubbing Plaintiff's neck, shoulders, and back. This contact was unwelcome and opposed. Plaintiff was extremely uncomfortable and other employees witnessed the conduct and made remarks about how it was sexually inappropriate and awkward for everyone.

13.

On or about May 20, 2013, Plaintiff received acupuncture and told Timmons about it and that she thought it was really helping her back. Timmons told Plaintiff that he knows "a lot about acupuncture and pressure points; I could actually teach you a thing or two with them sexually, but I probably shouldn't."  He had a smile on his face implying that he wanted to.

14.

After Plaintiff told Timmons that his unwanted, inappropriate contact made her uncomfortable, the conduct became more frequent. It became so frequent that other employees took notice and made statements and remarks to Plaintiff about how inappropriate, awkward, and uncomfortable it was.  They inquired if it made her feel the same way.  Plaintiff complained to her direct supervisor, Rose Witnauer ("Witnauer") about Timmons' conduct.  In addition,

Page 4- Complaint

Witnauer witnessed some of the conduct of Timmons toward Plaintiff including him rubbing on her.

15.

On or about July 16, 2013, Plaintiff walked out of the lab and Timmons pushed Plaintiff in the back with his forearm.

16.

Timmons regularly asked Plaintiff to go to his office to talk after most employees had left work, which made Plaintiff very uncomfortable. Timmons kept Plaintiff in his office for over an hour discussing at length matters having nothing to do with work.

17.

On or about August 8, 2013, Plaintiff emailed Timmons again asking for a change in hours, and he told Plaintiff they would talk about it the following Monday. That following week they met with Witnaeur to discuss Plaintiff's depression and the hours she was working. The following week Plaintiff was transferred to the Redmond hospital with a regular day shift job.

18.

On or about August 22, 2013, Plaintiff went home after working for three days while ill. Timmons told Plaintiff that she had to work in spite of her illness and that if her coworkers got sick she would have to work their shift as well as hers because it was her fault they became ill.

19.

On or about August 27, 2013, against doctor's advice, Plaintiff had to work with conjunctivitis, because Timmons demanded that she do so.

20.

On or about August 28, 2013, Plaintiff believed she had no option but to vacate her

///

LAW OFFICE OF LARRY L. LINDER, LLC
2245 COMMERCIAL ST. NE
SALEM, OR 97303
(T)(503)585-1804 (F)(503)585-1834
INFO@SALEMEMPLOYMENTLAWYER.COM

position.  The unwanted sexual contact and comments made towards Plaintiff had not stopped as well as the threats and retaliation. Plaintiff resigned her position with St. Charles.

## FIRST CLAIM AGAINST ST. CHARLES –VIOLATIONS OF TITLE VII

### (Count I—Hostile Work Environment)

21.

Plaintiff realleges paragraphs 1-20. During the course of Plaintiff's employment with St. Charles, Plaintiff suffered from discrimination based on her sex. Incidents of sex discrimination committed by St. Charles resulted in Plaintiff being denied compensation, and adversely affected Plaintiff's terms, conditions, and privileges of her employment in violation of 42 U.S.C. § 2000e-2(a).

22.

St. Charles's actions created a hostile work environment toward females that Plaintiff was subjected to.

23.

St. Charles's hostile work environment, and the actions of its employees, as provided in the paragraphs above, affected Plaintiff's ability to perform her job, caused Plaintiff to suffer emotional distress in the performance of her job

24.

St. Charles's hostile work environment toward Plaintiff, because she is female, constitutes a violation of 42 U.S.C. § 2000e-2(a) for which Plaintiff is entitled to relief. As a result of St. Charles's conduct, Plaintiff suffered physical symptoms due to the harassing conduct.

///

///

Page 6- Complaint

25.

As a result of St. Charles's unlawful employment actions, Plaintiff suffered and continues to suffer humiliation, anxiety, distress, and impairment of Plaintiffs personal dignity and right to be free from discrimination or interference with Plaintiffs statutory rights. Plaintiff has also suffered, and continues to suffer, economic damages, including, but not limited to, past and future wages, past and future benefits, and other expenses.

26.

Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

27.

Plaintiff is entitled to equitable relief including, but not limited to, an award of back pay, lost benefits, and other compensatory damages for future pecuniary losses.

28.

Plaintiff requests a declaration by this Court that St. Charles violated 42 U.S.C. § 2000e-2(a).

29.

Plaintiff has suffered economic and non-economic damages in an amount to be determined at trial as a result of St. Charles's hostile work environment directed against Plaintiff because she is female. Plaintiff seeks recovery of all compensatory and punitive damages provided by law, in addition to reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

///

///

///

Page 7- Complaint

## (Count 2—Retaliation)

30.

Plaintiff realleges paragraph 1-29. 42 U.S.C. § 2000e provides that it is an unlawful employment practice for an employer to discriminate against an employee because she has opposed any practice made an unlawful employment practice by this subchapter.

31.

Plaintiff opposed conduct that she reasonably believed was discrimination based on her sex and was thereafter retaliated against for doing so.

32.

St. Charles's retaliation toward Plaintiff, because she opposed practices she reasonably believed were discriminatory, constitutes a violation of 42 U.S.C. § 2000e-3(a) for which Plaintiff is entitled to relief. As a result of St. Charles's conduct, Plaintiff suffered physical symptoms due to the harassing conduct and retaliation.

33.

As a result of St. Charles's unlawful employment actions, Plaintiff suffered and continues to suffer humiliation, anxiety, distress, and impairment of Plaintiffs personal dignity and right to be free from discrimination or interference with Plaintiffs statutory rights. Plaintiff has also suffered economic damages, including, but not limited to, lost wages, benefits, and other expenses.

34.

Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

///

LAW OFFICE of LARRY L. LINDER, LLC
2245 COMMERCIAL ST. NE
SALEM, OR 97303
(T)(503)585-1804  (F)(503)585-1834
INFO@SALEMEMPLOYMENTLAWYER.COM

35.

Plaintiff is entitled to equitable relief including, but not limited to, an award of back pay, lost benefits, future lost earnings and benefits, and other compensatory damages for future pecuniary losses.

36.

Plaintiff requests a declaration by this Court that St. Charles violated 42 U.S.C. § 2000e-3(a).

37.

Plaintiff has suffered economic and non-economic damages in an amount to be determined at the time of trial as a result of St. Charles's retaliation directed against Plaintiff. Plaintiff seeks recovery of all compensatory and punitive damages provided by law, in addition to equitable relief and reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

### (Count 3—Quid Pro Quo Discrimination)

38.

Plaintiff realleges paragraphs 1-37. During the course of Plaintiff's employment with St. Charles, Plaintiff suffered from discrimination based on her sex. Incidents of sex discrimination committed by St. Charles resulted in Plaintiff being denied compensation, and adversely affected Plaintiff's terms, conditions, and privileges of her employment in violation of 42 U.S.C. § 2000e-2(a).

38.

St. Charles's actions created a hostile work environment toward females that Plaintiff was subjected to.

///

///

Law Office of Larry L. Linder, LLC
2245 Commercial St. NE
Salem, OR 97303
(T)(503)585-1804 (F)(503)585-1834
info@salememploymentlawyer.com

40.

St. Charles's hostile work environment, and the actions of its employees, as provided in the paragraphs above, affected Plaintiff's ability to perform her job, caused Plaintiff to suffer emotional distress in the performance of her job. Timmons' conduct made being subjected to and enduring the sexual harassment a term and condition of Plaintiff's employment.

41.

St. Charles's conduct was quid pro quo discrimination for which Plaintiff is entitled to relief.

42.

As a result of St. Charles's unlawful employment actions, Plaintiff suffered and continues to suffer humiliation, anxiety, distress, and impairment of Plaintiff's personal dignity and right to be free from discrimination or interference with Plaintiff's statutory rights. Plaintiff has also suffered economic damages, including, but not limited to, lost wages, benefits, and other expenses.

43.

Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

44.

Plaintiff is entitled to equitable relief including, but not limited to, an award of back pay, lost benefits, future lost earnings and benefits, and other compensatory damages for future pecuniary losses.

///

///

Page 10- Complaint

45.

Plaintiff requests a declaration by this Court that St. Charles violated 42 U.S.C. § 2000e-3(a).

46.

Plaintiff has suffered economic and non-economic damages in an amount to be determined at the time of trial as a result of St. Charles's retaliation directed against Plaintiff. Plaintiff seeks recovery of all compensatory and punitive damages provided by law, in addition to equitable relief and reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM AGAINST ST. CHARLES –VIOLATIONS OF ORS 659A.030

### (Count 1--Hostile Work Environment Sex Discrimination)

47.

Plaintiff realleges paragraphs 1-46. According to ORS 659A.030(1)(b), it is an unlawful employment practice, "for an employer, because of an individual's race, religion, color, sex, national origin, marital status or age if the individual is 18 years of age or older, . . . to discriminate against such an individual in compensation or in terms, conditions or privileges of employment." Discrimination committed by St. Charles affected Plaintiff's employment opportunities and terms and conditions of employment and is a direct violation of the statute.

48.

Plaintiff suffered from discrimination based on her sex. St. Charles's actions, and the actions of its employees, created a hostile work environment toward females that Plaintiff was subjected to. St. Charles's hostile work environment, and the actions of its employees, as provided in the paragraphs above, affected Plaintiff's ability to perform her job and caused Plaintiff to suffer emotional distress in the performance of her job. St. Charles's discrimination negatively affected Plaintiff's employment in violation of ORS 659A.030(b).

LAW OFFICE OF LARRY L. LINDER, LLC
2245 COMMERCIAL ST. NE
SALEM, OR 97303
(T)(503)585-1804  (F)(503)585-1834
INFO@SALEMEMPLOYMENTLAWYER.COM

49.

As a result of St. Charles's unlawful employment actions, Plaintiff suffered and continues to suffer humiliation, anxiety, distress, and impairment of Plaintiffs personal dignity and right to be free from discrimination or interference with Plaintiffs statutory rights. Plaintiff has also suffered economic damages, including, but not limited to, lost wages, benefits, and other expenses.

50.

Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

51.

Plaintiff is entitled to equitable relief including, but not limited to, an award of back pay, lost benefits, and other compensatory damages.

52.

Plaintiff requests a declaration by this Court that St. Charles violated ORS 659A.030(b).

53.

As a result of St. Charles's hostile work environment sex discrimination, Plaintiff requests economic damages, including lost wages, in an amount to be determined at trial, non-economic damages in an amount to be determined at trial, and equitable relief. The actions of St. Charles and its employees, as described above, were knowing, intentional and malicious. Plaintiff requests punitive damages for St. Charles and its employees' actions.

54.

Pursuant to ORS 20.107 and ORS 659A.885, Plaintiff requests and is entitled to her reasonable attorney fees in this action.

LAW OFFICE OF LARRY L. LINDER, LLC
2245 COMMERCIAL ST. NE
SALEM, OR 97303
(T)(503)585-1804 (F)(503)585-1834
INFO@SALEMEMPLOYMENTLAWYER.COM

### (Count 2–Retaliation)

55.

Plaintiff realleges paragraphs 1-54. According to ORS 659A.030(1)(f) it is an unlawful employment practice, "for any person to discharge, expel or otherwise discriminate against any other person because that other person has opposed any unlawful practice, or because that other person has filed a complaint, testified or assisted in any proceeding under this chapter or has attempted to do so." Discrimination committed by St. Charles, as alleged above, affected Plaintiff's employment opportunities, compensation, and terms and conditions of employment and is a direct violation of this statute.

56.

Plaintiff suffered from retaliation based on her opposition of sex discrimination as described in the paragraphs above. St. Charles's employees' retaliation toward Plaintiff negatively affected her compensation, terms, conditions, and privileges of employment in violation of ORS 659A.030(1)(f).

57.

As a result of St. Charles's unlawful employment actions, Plaintiff suffered and continues to suffer humiliation, anxiety, distress, and impairment of Plaintiffs personal dignity and right to be free from discrimination or interference with Plaintiffs statutory rights. Plaintiff has also suffered economic damages, including, but not limited to, lost wages, benefits, and other expenses.

58.

Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

Law Office of Larry L. Linder, LLC
2245 Commercial St. NE
Salem, OR 97303
(T)(503)585-1804 (F)(503)585-1834
INFO@SALEMEMPLOYMENTLAWYER.COM

59.

Plaintiff is entitled to equitable relief including, but not limited to, an award of back pay, lost benefits and other compensatory damages.

60.

Plaintiff requests a declaration by this Court that St. Charles violated ORS 659A.030(b).

61.

As a result of St. Charles's retaliation, Plaintiff requests economic damages, including lost wages, in an amount to be determined at trial, non-economic damages in an amount to be determined at trial, and equitable relief. The actions of St. Charles and its employees, as described above, were knowing, intentional and malicious. Plaintiff requests punitive damages for St. Charles and its employees' actions.

62.

Pursuant to ORS 20.107 and ORS 659A.885, Plaintiff requests and is entitled to her reasonable attorney fees in this action.

**(Count 3-Quid Pro Quo Discrimination)**

63.

Plaintiff realleges paragraphs 1-62.  During the course of Plaintiff's employment, Plaintiff suffered from discrimination based on her sex. Incidents of sexual discrimination adversely affected Plaintiff's terms, conditions, and privileges of her employment in violation of ORS 659A.030.

64.

Plaintiff was subjected to repeated sexual harassment by Timmons. Plaintiff resisted Timmons' batteries and harassment, and asked him to stop. Timmons continued harassing

///

Law Office of Larry L. Linder, LLC
2245 Commercial St. NE
Salem, OR 97303
(T)(503)585-1804 (F)(503)585-1834
INFO@SALEMEMPLOYMENTLAWYER.COM

Plaintiff. Timmons' conduct made being subjected to and enduring the sexual harassment a term and condition of Plaintiff's employment.

65.

As a result of St. Charles's unlawful employment actions, Plaintiff suffered and continues to suffer humiliation, anxiety, distress, and impairment of Plaintiff's personal dignity and right to be free from discrimination or interference with Plaintiff's statutory rights. Plaintiff has also suffered economic damages, including, but not limited to, lost wages, benefits, and other expenses.

66.

Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

67.

Plaintiff is entitled to equitable relief, including, but not limited to, an award of back pay, lost benefits, future lost earnings and benefits, and other compensatory damages for future pecuniary losses.

68.

Plaintiff requests an order by this Court declaring that St. Charles violated ORS 659A.030.

69.

As a result of St. Charles's retaliation, Plaintiff requests economic damages, including lost wages, in an amount to be determined at trial, non-economic damages in an amount to be determined at trial, and equitable relief. The actions of St. Charles and its employees, as

///

Page 15- Complaint

described above, were knowing, intentional and malicious. Plaintiff requests punitive damages for St. Charles and its employees' actions.

70.

Pursuant to ORS 20.107 and ORS 659A.885, Plaintiff requests and is entitled to her reasonable attorney fees in this action.

## THIRD CLAIM AGAINST ST. CHARLES—ASSAULT

71.

Plaintiff realleges paragraph 1-70. St. Charles acted intending to cause harmful or offensive contact with Plaintiff. Timmons, whose actions are actions of St. Charles given his position as Plaintiff's supervisor, engaged in voluntary acts directed towards Plaintiff intentionally attempting to cause harmful or offensive contact with Plaintiff. Plaintiff reasonably believed a harmful or offensive contact would occur.

72.

As a direct and proximate result of St. Charles's actions, Plaintiff has suffered non-economic damages to be determined by a jury at the time of trial. The actions of St. Charles and its employees, as described above, were knowing, intentional and malicious. Plaintiff requests punitive damages for St. Charles and its employees' actions.

## FOURTH CLAIM AGAINST ST. CHARLES—BATTERY

73.

Plaintiff realleges paragraph 1-72. Timmons, whose actions are the actions of St. Charles because of his position as Plaintiff's supervisor, caused harmful or offensive contact with Plaintiff.

///

///

Page 16- Complaint

74.

As a direct and proximate result of Timmons' actions, Plaintiff has suffered non-economic damages to be determined by a jury at the time of trial. The actions of St. Charles and its employees, as described above, were knowing, intentional and malicious. Plaintiff requests punitive damages for St. Charles and its employees' actions.

**FIFTH CLAIM AGAINST TIMMONS—VIOLATION OF ORS 659A.030(1)(g)**

75.

Plaintiff realleges paragraphs 1-74. Pursuant to ORS 659A.030(1)(g), it is an unlawful employment practice "for any person, whether an employer or an employee, to aid, abet, incite, compel or coerce the doing of any acts forbidden under this chapter or to attempt to do so." As the sole member of St. Charles and Plaintiff's supervisor, Timmons' conduct is imputed to St. Charles by virtue of his position.

76.

As alleged in the paragraphs above, Timmons' actions and inactions aided, abetted, incited, compelled, and coerced St. Charles's discriminatory acts alleged above, including but not limited to engaging in inappropriate conduct towards Plaintiff, making inappropriate sexual comments towards and about Plaintiff, and retaliating against her for opposing his inappropriate conduct.

77.

As a result of Timmons' unlawful employment actions, Plaintiff suffered and continues to suffer humiliation, anxiety, distress, and impairment of Plaintiff's personal dignity and right to be free from discrimination or interference with Plaintiff's statutory rights. Plaintiff has also suffered economic damages, including, but not limited to, lost wages, benefits, and other expenses.

LAW OFFICE OF LARRY L. LINDER, LLC
2245 COMMERCIAL ST. NE
SALEM, OR 97303
(T)(503)585-1804  (F)(503)585-1834
INFO@SALEMEMPLOYMENTLAWYER.COM

78.

Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

79.

Plaintiff is entitled to equitable relief, including, but not limited to, an award of back pay, lost benefits, and other compensatory damages for future pecuniary losses.

80.

Plaintiff requests an order by this Court declaring that Timmons violated ORS 659A.030.

81.

As a result of Timmons' violations of ORS 659A.030(1)(g), Plaintiff requests economic damages, including lost wages and front pay, in an amount to be determined at trial, non-economic damages in an amount to be determined at trial, and equitable relief. The actions of Timmons, as described above, were knowing, intentional and malicious. Plaintiff requests punitive damages for Timmons' actions.

82.

Pursuant to ORS 659A.885 and ORS 20.107, Plaintiff is entitled to her reasonable attorney fees, costs, expert witness fees, and disbursements in this action.

**SIXTH CLAIM AGAINST TIMMONS—ASSAULT**

83.

Plaintiff realleges paragraph 1-82. Timmons acted intending to cause harmful or offensive contact with Plaintiff. Timmons engaged in voluntary acts directed towards Plaintiff

///

Page 18- Complaint

intentionally attempting to cause harmful or offensive contact with Plaintiff. Plaintiff reasonably

believed a harmful or offensive contact would occur.

84.

As a result of Timmons' intentional conduct, Plaintiff has suffered non-economic

damages in an amount to be determined by a jury at the time of trial. The actions of Timmons, as

described above, were knowing, intentional and malicious. Plaintiff requests punitive damages

for Timmons' actions.

## **SEVENTH CLAIM AGAINST TIMMONS—BATTERY**

85.

Plaintiff realleges paragraph 1-84. Timmons caused harmful or offensive contact with

Plaintiff.

86.

As a result of Timmons' intentional conduct, Plaintiff has suffered non-economic

damages in an amount to be determined by a jury at the time of trial. The actions of Timmons, as

described above, were knowing, intentional and malicious. Plaintiff requests punitive damages

for Timmons' actions.

///

///

///

///

///

///

///

///

Page 19- Complaint

**WHEREFORE**, Plaintiff requests equitable relief, punitive damages, economic damages to be determined by a jury at the time of trial, and compensatory damages to be determined by a jury at the time of trial. Plaintiff seeks all economic damages that accrue up to the time of trial, and future economic damages. Pursuant to 42 U.S.C. § 1988, ORS 659A.885 and ORS 20.107, Plaintiff requests her reasonable attorney fees and costs in this action.

DATED this 12ᵗʰ day of December, 2014.

　　　　　　　　　　　　　　　 /s/ Larry L. Linder
　　　　　　　　　　　　　　Larry L. Linder　　OSB #010724
　　　　　　　　　　　　　　Douglas J. Davis　　OSB #140577
　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　Law Office of Larry L. Linder, LLC
　　　　　　　　　　　　　　2245 Commercial St. NE
　　　　　　　　　　　　　　Salem, Oregon 97303
　　　　　　　　　　　　　　Telephone: (503)585-1804
　　　　　　　　　　　　　　Facsimile: (503)585-1834
　　　　　　　　　　　　　　info@salememploymentlawyer.com

LAW OFFICE OF LARRY L. LINDER, LLC
2245 COMMERCIAL ST. NE
SALEM, OR 97303
(T)(503)585-1804  (F)(503)585-1834
INFO@SALEMEMPLOYMENTLAWYER.COM